FRED L. DORMAN *vs.* JOHN D. CARLSON.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Section 3404 of the General Statutes provides that "when any dog shall do any damage, either to the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, except where such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other

tort." *Held* that the exception, though broadly phrased, was not intended to include every kind of trespass or tort done to any person or property at any time, but was restricted to those committed upon the person or property of the owner or keeper, or of his family, which the dog, with his characteristic loyalty, would instinctively defend and protect, and other torts of a like character, as well as those directed against the dog itself which would be likely to excite it to the use of its natural weapons of defense.

The exception against one who is committing a trespass or other tort applies whether the injury done by the dog occurs upon private premises or, as in the present case, upon a public highway.

Argued April 12th—decided June 6th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's dog, brought to the Superior Court in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, was *Kenneth Wynne,* for the appellee (defendant).

WHEELER, C. J.   This action is brought under § 3404 of the General Statutes, which reads as follows: "When any dog shall do any damage, either to the body or property of any person, the owner or keeper, or, if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, except where such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort."

The plaintiff requested the court to instruct the jury that under this statute the owner or keeper of a dog would be liable for any and all damage done by the

dog unless the person injured was at the time com-
miting a trespass or tortious act which would cause
a loss to the owner or keeper of the dog; that while an
owner or keeper may use a dog to protect his premises
from trespassers or others who are doing injury on
them, he will be responsible for all damage done by his
dog on the public highway to any person who is not
trespassing or doing injury upon the property of the
owner or keeper. The plaintiff assigns as error the
failure of the court to so instruct the jury, and in
instructing the jury that if they found, in accordance
with the special defense, that when the plaintiff was
bitten by defendant's dog he was annoying and kicking
the dog, the verdict should be for the defendant.

Prior to the decision in *Kelley* v. *Killourey,* 81 Conn.
320, 70 Atl. 1031, the statute was in the terms above
quoted with the omission of the exception. The gener-
ality of its terms when interpreted literally furnished
justification for the contention that it made the owner
or keeper of a dog liable for all damage done under any
circumstances by it to the body or property of any
person. We, however, held in this decision that this
was not the true intent and meaning of the statute;
that it did admit of exceptions, one of which was injury
done by a dog in the protection of his master's
premises against the perpetration of a felony, another,
when the person injured by the dog had provoked the
dog by conduct which he either knew or ought to have
known would be "calculated to rouse a dog to defensive
action by the use of its natural weapons of defense."
Subsequent to this decision in 1908, the statute was
amended in 1911, by incorporating the exception found
in the present statute. The primary legislative
purpose, as we conceive it, was to conform the statute
to the interpretation placed upon it by this court and
to include every form of exception within its general

terms, trespass or tort. The language of the exception is comprehensive; interpreted literally it might include every kind of trespass or tort done to any person or property at any time. Such an interpretation would lead to results which surely were not in the legislative contemplation. The trespasses and torts which the framers of this exception had in mind were those which were committed upon the person or property of the owner or keeper, or of his family, and other torts of a like character, and which the dog, with his characteristic loyalty, would instinctively defend and protect, and those torts committed upon the dog to which we referred in *Kelley* v. *Killourey, supra,* as likely to excite a dog to the use of its natural weapons of defense.

The court correctly charged the jury that the action was based upon this statute. It erred in its instruction that the exception in the statute was not involved in this action "for the reason that the biting occurred upon the public highway in the town of East Haven." Whether the injury caused by the dog occurred in private grounds or on the public highway is not the determining factor of liability, but whether it was inflicted upon one at the time he was committing a trespass or tort. Succeeding this instruction the court explained the special defense of the defendant and instructed the jury in relation to it in these words: "Where a man who is bitten provokes a dog wilfully, so that the biting may be attributed to such provocation on his part, that is a good defense to an action. The action of a party to the provocation of the conduct of the dog should be such as was in fact calculated to cause that provocation, and was known to the person thus provoking the dog, either actually or as an irrefutable presumption from common knowledge to be so. This defense . . . involves the wilful abuse of the dog, and abuse of such a character as to

the knowledge of a man of ordinary intelligence would be calculated to rouse a dog to defensive action by the use of its natural weapons of defense. So that, gentlemen, if you should find that this plaintiff did in fact provoke the dog, and thus wilfully provoked him in the manner which it is alleged by the defense he was provoked, and taking into consideration the age of the plaintiff and the knowledge that he must have had as a man of ordinary intelligence of the natural instincts of the dog thus provoked to retaliate, if I say you find from the evidence. . . . that you can fairly say from the evidence that it was such provocation, it was such abuse of the dog as to cause the dog to bite, and except for that he would not have done so, then it is your duty to find a verdict for the defendant."

This instruction conforms substantially with the opinion in *Kelley* v. *Killourey.* The fact that the court erroneously removed the exception of the statute from the consideration of the jury and then expressly and explicitly instructed the jury as to the special defense which set up a tort in conformity to *Kelley* v. *Killourey,* brought this portion of the exception again before the jury. It was the issue upon which their verdict must rest, and it was placed before them in such a way that we must conclude that they must have understood it and that their verdict was responsive to their finding upon this issue favorable to the defendant and in accordance with the instruction of the court. Under these circumstances the result as reached is that which would have been reached had the exception been left before the jury and the special defense explained to the jury, as within the term "tort" in the exception. The error in the charge was harmless. None of the other assignments of error require consideration.

There is no error.

In this opinion the other judges concurred.