DONALD McCARTHY vs. PAUL C. DAUNIS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided August 1st, 1933.

*A. Henry Weisman,* for the appellants (defendants).

*William B. Fitzgerald,* for the appellee (plaintiff).

HINMAN, J. The trial court found that in the spring of 1931 the defendant Paul Daunis purchased a large German police dog, and that until February 7th, 1932, both he and the other defendant, his wife, fed, cared for and had the dog under their control and harbored him. On that date the dog, which was confined on the defendants' lot by a wire fence so constructed as to leave meshes about six inches square, put his head through one of these apertures, seized a small dog which was just outside the fence and pulled him against it so that the collar of the small dog caught in the fence, leaving him hanging clear of the ground, barking and whining loudly. This attracted the attention of the plaintiff, a boy who was coasting on the street near by, and he approached for the purpose of releasing the dog from his uncomfortable predicament. The police dog was then a considerable distance away from the fence, but as the plaintiff placed his right hand near the small dog to detach its collar from the fence the police dog rushed up, thrust his jaws through one of the meshes in the fence and bit off the terminal phalanx of the plaintiff's middle finger.

The appellants seek to substitute for the finding that the defendants kept and harbored the dog at the time of the injury one that Frank and Mary Gudiskas were its owners, and were its keepers after they, in September, 1931, entered into joint occupancy, with the defendants, of the latter's apartment. One who treats a dog as living at his house and undertakes to control his actions is the owner, keeper, or harborer as affecting liability for injuries caused by it. *Wood* v. *Campbell*, 28 S. D. 197, 132 N. W. 785; *McClain* v. *Lewiston Interstate Fair & Racing Asso.*, 17 Idaho, 63, 93, 104 Pac. 1015; 3 C. J. 106. The evidence relevant to this issue was contradictory, except that it is undisputed that the Daunis cared for the dog for a time before the Gudiskas moved in with them. The defendants claimed, however, that this period was only about a month, while the testimony of the plaintiff and several others was that it was from the preceding spring. The facts in question were not found without evidence and those sought to be substituted are by no means undisputed. As to the further fact, which the defendants ask to have added—that the plaintiff was warned not to approach the dog—the court was not obliged to accept such testimony as there was to that effect. The paragraphs which state that the police dog had previously attacked two men, and that he was some distance from the fence when the boy approached instead of then fighting the small dog as the defendants claim, are also supported by evidence.

The defendants pleaded as a special defense that the plaintiff "carelessly, imprudently and negligently placed himself in a position of danger to be attacked by the dog." Without the corrections above mentioned, which we are unable to make, the finding affords no support for a conclusion that the plaintiff's conduct was such as to be so characterized. Also,

under our statute, § 3357, the only exception to the liability of the owner or keeper of a dog for damage done by it is when, at the time, the injured person was "committing a trespass or other tort," and this we have construed as confined to trespasses or torts committed upon the person or property of the owner or keeper or his family, which the dog would instinctively defend and protect, other torts of like nature, and torts against the dog itself of a nature calculated to incite it to defensive action by use of its natural weapons of defense. *Dorman* v. *Carlson,* 106 Conn. 200, 203, 137 Atl. 749; *Granniss* v. *Weber,* 107 Conn. 622, 625, 141 Atl. 877; *Kelley* v. *Killourey,* 81 Conn. 320, 70 Atl. 1031; *Goodwin* v. *Giovenelli,* 117 Conn. 103, 167 Atl. 87. Conduct not within these limitations, although it might be held contributorily negligent in the broad sense of that term, is not a defense to an action brought under this statute. *Granniss* v. *Weber, supra,* p. 626; *Kelley* v. *Killourey, supra,* p. 322; *Woolf* v. *Chalker,* 31 Conn. 121; 1 A. L. R. p. 1123.

There is no error.

In this opinion the other judges concurred.