JAMES P. DOHERTY, ADMINISTRATOR C. T. A. (ESTATE OF FRANK J. McCARTHY) *v.* THE CONNECTICUT COMPANY

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

470

Argued February 4—decided March 20, 1947

*James P. Doherty,* for the appellant (plaintiff).

*Edwin H. Hall,* with whom was *Thomas J. O'Sullivan,* for the appellee (defendant).

BROWN, J. In this negligence action to recover damages for the death of the plaintiff's decedent, who was run over and killed by a trolley car of the defendant in New Haven on January 12, 1945, the plaintiff had a verdict which the court on the defendant's motion set aside. The plaintiff has appealed, and the defendant by its assignments of error has attacked the court's finding. It has also filed a bill of exceptions on the ground of errors in the court's charge to the jury.

The court set aside the verdict for the plaintiff on the ground that it had erred in its charge by submitting to the jury the issue of supervening negligence.

Whether the court should have charged upon this issue requires consideration of the parties' claims of proof. *State* v. *Hayes,* 127 Conn. 543, 583, 18 A.2d 895; Conn. App. Proc., p. 102; and see *Corey* v. *Phillips,* 126 Conn. 246, 250, 10 A.2d 370. It was undisputed that shortly after 7 p.m. on January 12, 1945, the defendant's trolley car, as it was proceeding northerly on the easterly track on Church Street, came to a stop a short distance south of the southerly crosswalk at the Crown Street intersection; the motorman, after he had attended to letting passengers get off and others get on by way of the right front door, closed it and turned back to the controls; there was no other vehicle of any kind in the vicinity and nothing to obstruct his view of the street in front of the car; he waited until the traffic signal light over the center of the intersection showed green and then started the car forward; when it had gone a few feet the wheels began to spin and he brought it to a stop; from the front axle to the front of the car was nine feet; he got out and found the decedent in front of the front wheels with one leg amputated, fatally injured.

The further material facts which the plaintiff claimed to have proved may be thus summarized: The decedent at about 7:13 p.m. on that day attempted to walk westerly across Church Street on or near the south crosswalk. The area was brightly illuminated and the weather was clear, but the pavement was slushy and slippery. When he reached the easterly trolley rail he slipped or, in some other manner unexplained, fell to the pavement on and between the trolley rails of the easterly track in front of the trolley car. Meantime the car was at a standstill and was located as stated above. It was then started by

the motorman as the decedent lay in front of it, with the fatal result already recited. The motorman at no time saw the decedent or discovered that he was lying in front of the car until after it had run against him. After starting, the car moved forward a distance of approximately nine feet before it was again stopped. The decedent was not negligent in any respect which contributed to his injuries. The motorman was negligent in not seeing the decedent before starting the car, in starting the car while charged with knowledge that the decedent was lying in front of it in a position of peril from which he could not escape, and in not stopping the car before its wheels struck the decedent.

Of the facts which the defendant claimed to have proved, those material upon the view which we take of the case may be thus summarized: As the car started, after progressing about two feet the wheels began to spin and the front truck went off the rails. It was stopped after proceeding three and one-half feet farther. The motorman saw the decedent for the first time when he found his body in front of the wheels. When the car first stopped south of the intersection the motorman observed pedestrians crossing the street but nobody was then lying on the street. After the last passenger had boarded the trolley, the decedent fell or threw himself under the car against the front wheels. He did not fall in front of the car. The motorman did not know that the decedent was under the car when he started it, and could not and did not then see him in his position up against its front wheels. When the car stopped the second time, the decedent lay against and in front of these wheels at a point between four and five feet south of the southerly edge of the crosswalk.

By the defendant's assignments of error, filed pursuant to § 350 of the Practice Book, it seeks to have stricken out certain of the facts stated among the plaintiff's claims of proof. Its first contention is that those reciting the decedent's conduct up to and including the fact that he lay in front of the car are unwarranted because there was no evidence that the acts so described were those of the decedent rather than of another. The witness Evelyn Fowles, who testified on behalf of the plaintiff, was approaching the intersection from the north on the easterly sidewalk of Church Street at what she estimated was about 7:15 p.m. on the day in question; she testified that she saw a man slip and fall to the pavement very near the trolley tracks as he was walking across Church Street at Crown from the easterly curb; at that time there was a trolley car headed north a little to the south of him; it came to a stop before reaching the intersection; a crowd gathered around the car; an ambulance arrived and someone was placed in it. The defendant contends that this testimony, in connection with the other evidence, was insufficient to support the plaintiff's claims in the finding to the effect that the man referred to by this witness was the plaintiff's decedent. The fact that there was no evidence that other than one man fell in the street upon this occasion, in connection with the defendant's statement in its answer that "The plaintiff's decedent . . . fell to the street in front of said trolley car," is sufficient without more to show that this contention cannot avail. The defendant's further claim that there was no evidence in support of the fact that the car moved forward approximately nine feet before again stopping is without merit. The undisputed testimony that this was the distance

from the forward wheels to the front of the car, in connection with the reasonable inference that a man slipping and falling in front of a trolley car would not get much, if any, under its body, afforded a sufficient basis for this finding. See *Germon* v. *Noe,* 129 Conn. 333, 337, 27 A.2d 378; *Petroman* v. *Anderson,* 105 Conn. 366, 369, 135 A. 391; Conn. App. Proc. § 85, p. 115. The only other paragraphs in the plaintiff's claims of proof complained of are attacked solely on the ground that they "are conclusions of law and have no place in the finding." All of these relate either to negligence of the defendant or contributory negligence of the decedent, which in this case were questions of fact and were properly inserted in the finding.

Upon the plaintiff's appeal, the determinative question, under the view which we take of the case, is whether the court properly set aside the verdict on the ground that it had erred in submitting to the jury the issue of supervening negligence by its charge, as tested by the finding above recited, by reason of the fact that it contains no claim that the decedent was guilty of contributory negligence. It is true that to satisfy the first condition of the last clear chance doctrine and to render the rule applicable the plaintiff must not only have "come into a position of peril" but must have done so through his own negligence. *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 116, 84 A. 301; *Corey* v. *Phillips,* supra, 251. Therefore the court's submission of the last clear chance issue to the jury was improper, but the question remains whether this was calculated so to prejudice the rights of the defendant as to constitute harmful error. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630, 103 A. 901. The court gave the jury correct

instructions as to what constitute the four essential conditions of the last clear chance doctrine, stating the first to be that the decedent "had already come into a position of peril by his own negligence." *Correnti* v. *Catino*, 115 Conn. 213, 216, 160 A. 892. The other three elements which the court charged were essential for recovery by the plaintiff under the doctrine were the same "that would have to be determined favorably to the plaintiff in order to support recovery by him even if the rule of contributory negligence were to be abrogated altogether, or if for some reason the injured person was not chargeable with contributory negligence, assuming, of course, that the attempt is to charge defendant with negligence after the peril of the injured party arose, and not with 'primary negligence.' " Note, 119 A.L.R. 1041. This was the situation presented by the plaintiff's claim of proof that the decedent was helpless on the track in front of the car when the defendant started it.

The court had already, it is true, sufficiently charged as to the requirements of proof on the part of the plaintiff to establish actionable negligence by the defendant under the complaint. However, its charge as to the three elements above referred to was no more than a reiteration of what in substance it had already said, stated somewhat more specifically. This repetition of itself could not have prejudiced the defendant. Neither could the further fact that the court in giving it included the qualification that the doctrine involving these elements would only be applicable in aid of the plaintiff if the jury first found that the decedent "had already come into a position of peril by his own negligence." The defendant's urgent contention on this appeal is that

there was no negligence upon the decedent's part. Under the circumstances, certainly the charge on last clear chance could not have harmed the defendant and its content offered the jury no opportunity for speculation not contained in what the court had already charged, to which no exception was or effectively could have been taken. The court therefore erred in setting aside the verdict on the ground that it had committed prejudicial error by charging the jury upon the last clear chance doctrine.

The defendant's claims in its brief go beyond the specific claims as to the correction of the finding in its assignments of error which we have already disposed of. It argues that there was nothing in the evidence on which the jury could find that the motorman at any time saw or should have seen the decedent, which was a prerequisite to finding that his negligence was a proximate cause of the accident, and that therefore the evidence was insufficient to support the verdict. Even though the trial court was wrong in the reason it gave for setting aside the verdict, its decision might have been right, if the evidence did not support it. That is, we can sustain a right decision though it was placed on a wrong ground. Conn. App. Proc. § 18, p. 27; *Dorfman* v. *Martin & Crawford Motor Co., Inc.,* 105 Conn. 774, 136 A. 565; *Hickey* v. *Slattery,* 103 Conn. 716, 718, 131 A. 558. Accordingly, we consider this claim of the defendant. The motorman testified that the decedent was not lying on the roadway when he first stopped the car; there were pedestrians crossing the street at that time; after passengers had gotten off and others on, he closed the doors on his right and then "turned to [his] controls"; as soon as the traffic light turned green he started the car; after going "a

few feet" it ran over the decedent. This testimony, in connection with that of Evelyn Fowles, to which we have referred in discussing the claimed correction of the finding, and the undisputed facts that the front axle was nine feet back of the front of the car and the decedent's body but four or five feet south of the crosswalk after he was run over, warranted a conclusion that after the car had first come to a stop he had fallen and was lying immediately in front of and close to it. Upon these facts, plus the improbability if not the impossibility of his getting under the car onto the rails from the side, the inference that the decedent lay where the motorman could have seen him at the time he started the car was one which the jury was entitled to draw. *LeBlanc* v. *Grillo,* 129 Conn. 378, 382, 28 A.2d 127. There was sufficient evidence to sustain the verdict.

In so far as the defendant's bill of exceptions is concerned, assuming the provision in the last paragraph of § 364 of the Practice Book as to ordering a new trial instead of directing judgment on the verdict to be applicable, of the claimed errors, all of which relate to the court's charge, three only merit further consideration. While the court might well have incorporated additional facts in the illustration of circumstantial evidence which it stated to the jury, we cannot say that as given it prejudiced the defendant. The court correctly charged that while the jury had a right to infer a fact from other facts in evidence "It must be a deduction, an inference which you can say . . . is a reasonable one. . . . It is not enough . . . [that] it is possible that something else followed from [other facts] but you must be fairly satisfied that it does follow. It must be a reasonable deduction which you can make in the mat-

ter." Such a charge was adequate for the guidance of the jury. *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 A. 739; *LeBlanc* v. *Grillo,* supra. The court's language made sufficiently clear that the jury must be satisfied that the existence of the fact to be inferred was more probable than not. The defendant's failure to comply with § 156 of the Practice Book renders it unnecessary to consider the claimed error in the charge upon contributory negligence.

There is error, and the case is remanded to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

In this opinion MALTBIE, C. J., JENNINGS and DICKENSON, Js., concurred; ELLS, J., dissented.