LORRAINE WEINGARTNER ET AL. *v.* JOHN BIELAK ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 7—decided June 27, 1955

*Robert J. Pigeon,* with whom, on the brief, was *Robert F. Kahan,* for the appellants (defendants).

*Norman Ebenstein,* with whom, on the brief, was *Milton W. Horwitz,* for the appellees (plaintiffs).

INGLIS, C. J. This action was brought to recover for personal injuries inflicted on Sharon Weingartner, a young child, by a dog owned by the defendants. The child's mother, Mrs. Lorraine Weingartner, is acting as the next friend of the plaintiff child and also is joined as a plaintiff in her own right. The trial court rendered judgment for the plaintiffs jointly to recover damages of $2618, and from this judgment the defendants have appealed.

Although the finding is attacked in several particulars, it is not subject to change. It sets forth the following facts: On August 1, 1951, Sharon, who was then two and one-half years old, and her mother and father were visiting Mrs. Lillian Koniar at her apartment in Rockville. The apartment was directly across the hall from one occupied by the defendants. The doors of the two apartments leading to the common hallway were open. The defendants owned and kept a black cocker spaniel. They had provided a rubber bone with which the dog was accustomed to play. For a considerable period of time Sharon and the dog were playing together in the hallway. The play consisted of Sharon's throwing the rubber bone and the dog's retrieving it. Mrs. Weingartner was aware of the activities of her child and the dog. At some time during the frolic Sharon attempted to pick up the rubber bone for further play. Thereupon the dog pushed her to the floor and, in doing so, struck her on the face with its two front paws. This caused a severe laceration below the child's right eye and also lacerations of her mouth and left cheek. Her

face remained swollen and sore for a long time, and for at least six months she complained of pain. The laceration under the right eye has left a permanent scar more than one inch in length. The court concluded that Sharon was not committing a trespass or other tort and was not teasing, tormenting or abusing the dog at the time and that, therefore, the defendants were liable.

The plaintiffs' cause of action was founded upon § 3404 of the General Statutes, now § 1400c of the 1953 Cumulative Supplement. This section reads: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." The principal claim of the defendants on this appeal is that at the time Sharon was injured by the dog she was teasing the animal so that the case comes within the exception to liability stated in the statute.

In *Granniss* v. *Weber*, 107 Conn. 622, 624, 141 A. 877, decided in 1928, we reviewed the history of the statute since the enactment of its precursor in 1798. We stated (p. 625) that the principal purpose of the statute was to abrogate the common-law doctrine of scienter as applied to damage done by dogs and that the statute rested on the principle that, where one of two innocent persons must suffer loss from an act done, it is just that the loss should fall on the one who caused it rather than upon the other, who had no agency in producing it and could not by any means have avoided it. As the statute stood in 1908, it contained no express exception to the liability of a dog owner. Rev. 1902, § 4487, as amended by Public Acts

1907, c. 167, § 10. Nevertheless, in that year, in *Kelley* v. *Killourey,* 81 Conn. 320, 322, 70 A. 1031, we held that his liability was subject to the implied exception that one who wilfully and knowingly irritates and provokes a dog until it retaliates cannot recover. In line with this thought, the General Assembly, in 1911, added to the statute an express exception which relieved the dog owner from liability to any person who at the time of his injury "was committing a trespass or other tort." Public Acts 1911, c. 121, § 5. We have interpreted the phrase "trespass or other tort" to mean only torts committed upon the person or property of the owner or keeper or his family, whom a dog, with its characteristic loyalty, would instinctively defend and protect, and torts, committed on the dog, which would be likely to excite it to the use of its natural weapons of defense. *Hanson* v. *Carroll,* 133 Conn. 505, 510, 52 A.2d 700; *Dorman* v. *Carlson,* 106 Conn. 200, 203, 137 A. 749.

This interpretation of the phrase "trespass or other tort" furnishes a key to the meaning of the clause "or was teasing, tormenting or abusing such dog," which was included in the statute in 1933 as an additional exception to liability. Cum. Sup. 1935, § 1380c. Manifestly, the words "teasing, tormenting or abusing" are intended to include only such acts as would naturally irritate a dog and thus provoke it to retaliation. In adding these three words to the statute, the legislature intended to except dog owners from liability for damage done by a dog to a person who himself had engaged in such conduct as would be calculated, dog nature being what it is, to antagonize the animal and, therefore, cause it to make an attack upon him. In common parlance, the verbs "tease," "torment" and "abuse" all connote the doing of acts designed to annoy and irritate the person or

animal to whom or which the acts are directed. As used in the statute, they carry this connotation. None of them is apt for describing friendly playing with a dog. It is common knowledge that ordinarily dogs enjoy play with humans. When a person engages in such play, it is not natural for a dog to resent it or be irritated by it to the extent that the dog will attack. It follows that playing with a dog, as the child plaintiff in this case was doing, is not such conduct as falls within the exceptions to liability contained in the statute. The court was right in concluding that the defendants were not relieved of liability by reason of the fact that the plaintiff child was playing with the dog at the time she was injured.

The defendants also contend that the court erred in rendering judgment for a single sum of damages in favor of both plaintiffs without specifying the amount awarded to each. The complaint was in a single count. On its face, therefore, it purported to state but a single cause of action in favor of both plaintiffs. The defendants made no move to compel a separation into two counts. They made no claim in the trial court that any damages to be awarded should be split between the plaintiffs. It is too late for them to raise this issue on appeal. Moreover, if the plaintiff mother had any right to claim relief independently of her daughter, it would be simply for reimbursement of the medical expense incurred as a result of the daughter's injuries. By joining in this action, each plaintiff has estopped herself from instituting any other suit against the defendants to recover for damage resulting from the attack of the dog upon Sharon. Accordingly, the defendants have not been harmed by the award of damages to the plaintiffs jointly rather than separately.

Another contention of the defendants is that no

judgment should have been rendered in favor of Mrs. Weingartner because she was guilty of contributory negligence in allowing her daughter to play with the dog. It is sufficient answer to this contention to point out that the defendants did not set up any allegation of contributory negligence in their answer. General Statutes § 7836.

The final claim of the defendants is that the damages are excessive. It appears from the finding that the court fixed the amount of medical expense to be recovered at $118. The total amount of damages allowed was $2618. Accordingly, it is clear that $2500 was allowed for pain and suffering and the permanent scar. The basis of the defendants' claim with reference to the element of medical expense is that there was included in the $118 an item of $95 covering the bill of Dr. Louis D. Harris and that this bill was for treatments both for the infection resulting from the lacerations made by the dog and for esotropia, which had no causal relationship to the injuries inflicted by the dog. It appears from the doctor's testimony that he was giving treatments for both conditions at each visit for which he made a charge. The trial court was, therefore, warranted in finding that all these visits were made primarily to treat the infection and consequently were attributable to the injuries inflicted by the dog. In any event, the matter is de minimis and does not require either a new trial or a remittitur. Maltbie, Conn. App. Proc., § 19. Considering the fact that the child plaintiff suffered considerable pain and is left with a permanent scar upon her face as the result of the accident, the allowance of $2500 to cover these elements of damage is not excessive.

There is no error.

In this opinion the other judges concurred.