ZOFIA KOWAL *v*. BARTHOLOMEW ARCHIBALD ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 7, 1960—decided January 31, 1961

*William E. Glynn,* with whom, on the brief, was *Charles W. Page,* for the appellants (defendants).

*Allyn L. Brown, Jr.,* with whom were *Leo M. Gwiazdowski* and, on the brief, *Leo J. McNamara,* for the appellee (plaintiff).

SHEA, J. This action was brought to recover damages for personal injuries alleged to have been caused by a dog owned and kept by the defendants. The jury returned a verdict for the plaintiff. The defendants' motion to set aside the verdict was denied, and the defendants have appealed from the judgment, claiming that the court erred in its charge to the jury.

The plaintiff offered evidence to prove and claimed to have proved the following: The plaintiff was walking along the public sidewalk on Ninth Street in Norwich, carrying a paper bag containing

two dresses. A dog owned or kept by the defendants came toward the plaintiff, who became very frightened as it approached. She was not teasing, tormenting or abusing the dog. The dog jumped at the plaintiff several times as she proceeded along the sidewalk. Finally, it jumped on her and knocked her to the pavement and then kept circling her, barking. When the dog approached the plaintiff, she was minding her own business. Neither the defendants nor any member of their family was near her at the time.

The defendants offered evidence to prove, and claimed to have proved, that the dog was not vicious; that it did not attack the plaintiff; that the plaintiff was carrying a paper bag which she swung at the dog as it approached her, though she did not hit it; that she was committing a trespass or other tort; and that she was teasing, tormenting or abusing the dog.

The plaintiff's cause of action is based upon what is now § 22-357 of the General Statutes, the relevant portions of which provide: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." The court charged the jury that the provision in the statute concerning a trespass was not applicable to the case because the plaintiff was on a public highway and that she was not committing any trespass on private property. The court erred in giving this instruction. The fact that the injury caused by the dog occurred on the public highway rather than on private property is

not decisive of liability under the statute. *Dorman* v. *Carlson,* 106 Conn. 200, 203, 137 A. 749. That the plaintiff was on a public highway did not eliminate the possibility that she was committing a trespass to the body or property of a person within the meaning of the statute.

It remains for us to decide whether the error committed by the court was so likely to prejudice the rights of the defendants as to constitute harmful error. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 474, 52 A.2d 436; *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630, 103 A. 901. The phrase "trespass or other tort," as used in our statute, has been interpreted to refer only to (a) torts committed upon the person or property of the owner or keeper or his family, and other torts of a like character, against which the dog, with its characteristic loyalty, would instinctively take defensive and protective action, and (b) those torts, committed upon the dog, which would be likely to excite it to the use of its natural weapons of defense. *Weingartner* v. *Bielak,* 142 Conn. 516, 519, 115 A.2d 668; *Verrilli* v. *Damilowski,* 140 Conn. 358, 363, 100 A.2d 462; *McCarthy* v. *Daunis,* 117 Conn. 307, 310, 167 A. 918; *Goodwin* v. *Giovenelli,* 117 Conn. 103, 106, 167 A. 87.

In their exception to the charge, the defendants raised the question whether the trial court had properly charged on the claim of trespass. They took no exception to the failure to explain the phrase "or other tort." Consequently, they are foreclosed from raising that issue now. Practice Book § 153. So far as trespass against the dog is concerned, it would be impossible, upon the claims of proof in this case, to spell out a trespass to the dog which would not also constitute teasing, tormenting or abusing it. Therefore, if the jury were correctly and ade-

quately instructed concerning the provision in the statute regarding teasing, tormenting or abusing the dog, the error in charging that the provision concerning trespass was not applicable was harmless.

A charge is to be considered from the standpoint of its effect upon the jury in guiding them to a correct verdict. *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 653, 2 A.2d 220; *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611. It is to be inspected in the light of the claims of proof advanced by the parties. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 471, 52 A.2d 436; *Lopes* v. *Connecticut Light & Power Co.,* 145 Conn. 313, 315, 142 A.2d 135. The validity of the charge must be tested by the finding, and by that alone. *State* v. *Hayes,* 127 Conn. 543, 583, 18 A.2d 895.

After erroneously charging the jury that "trespass," as used in the statute, did not apply to the case, the court told the jury: "The plaintiff . . . must establish that she was not teasing, tormenting or abusing the dog at the time . . . [and] that the dog's actions were the proximate cause of her fall . . . ." It then instructed the jury as follows: "The words 'teasing, tormenting or abusing' mean such acts as would naturally irritate a dog and provoke it to retaliation. The plaintiff could not recover damages if she engaged in conduct calculated to antagonize the dog or cause it to make an attack upon her. The verbs 'tease, torment and abuse' connote the doing of acts designed to annoy and irritate an animal. However, if the plaintiff was doing something at this time to prevent the dog from attacking her, this would not necessarily constitute . . . teasing, tormenting or abusing a dog under the statute."

The clause in the statute denying recovery to a

plaintiff who "was teasing, tormenting or abusing such dog" refers to conduct which (a) is of such a nature that it would naturally antagonize the dog and therefore cause it to make an attack upon the injured party and (b) is improper in the sense that it is without justification. *Schonwald* v. *Tapp,* 142 Conn. 719, 721, 118 A.2d 302. While the jury could have found that the conduct of the plaintiff was such as to arouse the dog, the defendants concede that she did not intend to do so. There was evidence in the case from which the jury could have found that her conduct was motivated by instincts of self-protection. If she was doing something to prevent the dog from attacking her, the jury could have found that she was justified in doing what she did. Even though her action was such that it would naturally arouse the dog, it would not constitute "teasing, tormenting or abusing such dog" within the exception stated in the statute. The court, in effect, so instructed the jury. The charge, considered as a whole, fairly presented to the jury all of the issues in the case. *Dorman* v. *Carlson,* 106 Conn. 200, 204, 137 A. 749; *Danehy* v. *Metz,* 140 Conn. 376, 379, 100 A.2d 843.

There is no error.

In this opinion the other judges concurred.