694

RICHARD DOERFLER *v.* MRS. AMOS P. REDDING

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 16-634-1998

Argued April 13—decided June 30, 1964

*Colin C. Tait,* of Hartford, for the appellant (defendant).

*Bernard E. Francis,* of Elmwood, for the appellee (plaintiff).

KINMONTH, J. This is a statutory action for damages for injuries suffered by the plaintiff by reason of being bitten by the defendant's dog. The defendant has appealed from a judgment for the plaintiff, assigning as error that the conclusions and the judgment are not supported by the facts or the law.

The facts may be stated as follows: On April 10, 1962, at about 5:30 p.m., the defendant, owner of a miniature poodle, had her dog on a leash on her front lawn in West Hartford. The plaintiff, an eleven-year-old boy, was on the defendant's prop-

erty delivering newspapers. When the plaintiff approached the defendant to give her the newspaper, she said, "Keep away from the dog." Shortly thereafter, the plaintiff put his hand on the back of the dog's head and the dog bit the plaintiff. The court concluded that the plaintiff, at the time he was bitten, was not committing a trespass or other tort, nor was he teasing, tormenting or abusing the dog, and that therefore the defendant was liable.

The statute upon which plaintiff brought the action, General Statutes § 22-357, reads as follows: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."

The conclusions must be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case. *Osuch* v. *Osuch,* 146 Conn. 90, 92; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692. The principal claim of the defendant is that the plaintiff is barred from recovery as he was either committing a trespass or other tort or was teasing, tormenting or abusing the dog when he touched the dog's head in disregard of the warning to keep away from the dog. Prior to 1911, the statutes of Connecticut prescribed absolute liability upon the owners of dogs (Rev. 1902, § 4487), but in that year the legislature amended the statute to include the exception denying recovery to a plaintiff who at the time he was injured by the dog "was committing a trespass or other tort" (Public Acts 1911, c. 121, § 4; Rev. 1918, § 3404), and in 1933

further amended the statute by adding the further exception of "teasing, tormenting or abusing." Cum. Sup. 1935, § 1380c.

The phrase "trespass or other tort" means only torts committed upon the person or property of the owner or keeper or his family, whom a dog, with its characteristic loyalty, would instinctively defend and protect, and torts committed on the dog which would be likely to excite it to the use of its natural weapons of defense. *Funk* v. *Bannon,* 148 Conn. 557, 560; *Kowal* v. *Archibald,* 148 Conn. 125, 128; *Weingartner* v. *Bielak,* 142 Conn. 516, 519; *Hanson* v. *Carroll,* 133 Conn. 505, 510; *Dorman* v. *Carlson,* 106 Conn. 200, 203. The expression "trespass or other tort" in the statute suggests more than a mere entry, and the plain intent of the statute is to bar recovery where the plaintiff was committing or intending to commit some injurious act. *Hanson* v. *Carroll,* supra, 509; *Verrilli* v. *Damilowski,* 140 Conn. 358, 364. In the instant case, it is not seriously contended that the plaintiff was committing a trespass on the land of the defendant but rather that the plaintiff committed a trespass or other tort in placing his hand on the dog's head after being told to keep away from the dog and that this was a wilful, intentional and unjustifiable act which should bar his recovery. The deliberate act of the plaintiff might be held to be contributory negligence, but his act could not be calculated to be of such a nature as to be likely to excite the dog to use its natural weapons of defense. Contributory negligence is not a defense to an action brought under the statute. *McCarthy* v. *Daunis,* 117 Conn. 307, 310. Conceding the fact that the plaintiff placed his hand on the dog's head after being told to keep away, we cannot say that this was such a provocation as to bring the plaintiff within the exception barring him from recovery; and we cannot find

unreasonable the court's conclusion that the act of the plaintiff was not such a trespass or other tort as was within the intent of the statute.

The defendant also maintains that the conduct of the plaintiff constituted a teasing, tormenting or abusing of the dog. "The clause in the statute denying recovery to a plaintiff who 'was teasing, tormenting or abusing such dog' refers to conduct which (a) is of such a nature that it would naturally antagonize the dog and therefore cause it to make an attack upon the injured party and (b) is improper in the sense that it is without justification." *Kowal* v. *Archibald,* supra, 129; *Funk* v. *Bannon,* supra, 560. These words of the statute "are intended to include only such acts as would naturally irritate a dog and thus provoke it to retaliation. In adding these . . . words to the statute, the legislature intended to except dog owners from liability for damage done by a dog to a person who himself had engaged in such conduct as would be calculated, dog nature being what it is, to antagonize the animal and, therefore, cause it to make an attack upon him." *Weingartner* v. *Bielak,* supra, 519. None of the words of the statute is apt for describing friendly playing or petting a dog. When a person pets a dog, it is not natural for a dog to resent it or be irritated by it to the extent that the dog will attack. The defendant maintains that the action of the plaintiff was without justification because he was warned, and therefore he should be barred from recovery. It must be conceded that the plaintiff was not teasing, tormenting or abusing the dog in the common ordinary interpretation of those words and therefore his action was not improper in the sense that it was without justification. The words "without justification" must be read in conjunction with action which would naturally antagonize the dog, and they qualify the words "teasing,

tormenting or abusing." The conclusion of the trial court that the plaintiff was not teasing, tormenting or abusing the dog was justified.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.