[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs have moved for summary judgment. The issues presented by the motion are: (1) whether the defendant is the keeper of the dog within the meaning of Conn. Gen. Stat. 22-357
and, therefore, liable for the injuries and medical expenses sustained by plaintiffs as a result of the dog attack; and (2) whether the defendant is liable for the negligent infliction of emotional distress sustained by the grandmother-plaintiff.
The plaintiffs, Beniscio Vasquez and Elena Delgado, (hereinafter minor-plaintiff and grandmother-plaintiff respectively) filed a complaint on April 6, 1991 alleging injuries and damages due to an attack by a Rottweiler dog on minor-plaintiff which occurred on December 7, 1990.
The complaint alleges that both plaintiffs were in a parking lot adjacent to premises known as 289-291 Bellevue Street, Hartford, Connecticut, when the dog attacked the minor-plaintiff. The complaint alleges further that, at no time, were the plaintiffs teasing, tormenting or abusing the dog as to provoke such an attack.
Additionally the complaint alleges that at the time of the attack, the defendant, Raymond L. Hooks was the "keeper" of the dog within the meaning of Conn. Gen. Stat. 22-357 and, therefore, is liable for injuries stemming from said attack. Finally, the complaint alleges that as a result of witnessing the attack on the minor-plaintiff, the grandmother-plaintiff has suffered emotional distress as a proximate result of defendant's negligence in keeping the dog which the defendant knew to have vicious propensities.
In the first count, the plaintiffs allege that the defendant is liable for the attack on the minor-plaintiff and the injuries sustained as a result of the dog's attack under Conn. Gen. Stat. 22-357 because the defendant is the "keeper" of the dog.
In the second count, the plaintiffs allege that the CT Page 1665 defendant is liable as the keeper of the dog under Conn. Gen. Stat. 22-357, for any medical expenses incurred by the grandmother-plaintiff as a result of the dog attack on minor-plaintiff.
In the fourth count, the plaintiffs allege the defendant is liable for the negligent infliction of emotional distress to the grandmother-plaintiff as a proximate result of the defendant's negligence in keeping a dog with vicious propensities.
The plaintiffs move for summary judgment on counts one, two and four of the complaint. The plaintiffs also move for "partial summary judgment" that the defendant is the "keeper" of the dog within the meaning of Conn. Gen. Stat. 22-357. In support of the motion, the plaintiffs have filed a memorandum of law along with a supporting affidavit of the grandmother-plaintiff, deposition transcripts of defendant, Jamila Hooks and Robert Hooks. The defendant has filed a memorandum in opposition to the plaintiffs' motion, dated January 9, 1992, along with a supporting affidavit of Robert Hooks.
The complaint was filed on April 6, 1991. The defendant filed an answer on August 21, 1991 and asserted one special defense. Therefore, the pleadings between the parties to the motion are closed as required by Practice Book 379.
Practice Book 384 provides "summary judgment may be granted if pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Altieri v. Nanavati, 41 Conn. Sup. 317, 318, 573 A.2d 359
(1990). The question of whether there is a material fact must be considered in a light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). A "material" fact has been defined . . . as a fact which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969). "The test . . . is resolved by applying to the established facts the same criteria as used to determine whether a party would be entitled to a directed verdict on the same facts." Spencer v. Good Earth Restaurant Co., 164 Conn. 194, 198, 312 A.2d 403 (1972). "A directed verdict may be only rendered where . . . the trier of fact could not reasonably reach any other conclusion. . ." United Oil, supra at 380.
A. Count One — Statutory Dog — Bite Liability as to Minor-Plaintiff.
In their memorandum of law in support of the motion for CT Page 1666 summary judgment, the plaintiffs argue with respect to Count One that the defendant is liable under Conn. Gen. Stat. 22-357
because he is the "keeper" of the dog as defined in Conn. Gen. Stat. 22-327. The defendant, in opposition, argues he is not the "keeper" within the meaning of Conn. Gen. Stat. 22-357
because he at no time asserted control over the dog as the dog was kept in the backyard in a doghouse. Alternatively, the dependant asserts as a special defense that at the time of the attack the minor-plaintiff was "teasing, tormenting or abusing" the dog thus excepting the defendant from liability under Conn. Gen. Stat. 22-357.
General Statute 22-357 provides that the owner or keeper of a dog is liable for any damage done by that dog. See Buturla v. St. Onge, 9 Conn. App. 495, 497, 519 A.2d 1235 (1987).
General Statute 22-327 defines "keeper" as any person, other than the owner, harboring or having in his possession any dog. Id. at 497. However, a material issue of fact exists as to whether the defendant was the "keeper" of the dog. "Harbor has been defined as to afford lodging to, to shelter, to give refuge to . . ." Hancock v. Finch, 126 Conn. 121, 122, 9 A.2d (1939); and as one who treats a dog as living in his home and undertaking to control the dog's actions. Buturla, supra at 497.
The defendant's supporting affidavit of Robert Hooks states in part;
 4. At no time did my brother, Ray Leonard Hooks, have any responsibility for the care, control, custody, feeding, discipline, health and welfare of the aforesaid dog.
 5. At no time did my brother, Ray Leonard Hooks, in fact exercise any degree of control over the care, custody, feeding, discipline, health and welfare of the aforesaid dog.
Viewing these facts in the light most favorable to the defendant a material issue of fact exists as to whether the defendant was the "keeper" of the dog.
The defendant also asserts a special defense as to any statutory liability under Conn. Gen. Stat. 22-357. The defendant argues that the act of the minor plaintiff hissing at the dog at the time of the attack constitutes teasing, tormenting or abusing such dog within the meaning of Conn. Gen. Stat. 22-357 and therefore excepts the defendant from liability. However, the words of the statute are "intended to CT Page 1667 include only such acts as would naturally irritate a dog and thus provoke it to retaliation." Doerfler v. Redding, 2 Conn. Cir. Ct. 694, 697, 205 A.2d 502 (1964).
Although the statute presumes a minor under the age of seven (the minor-plaintiff in this case is four) is not teasing, tormenting or abusing the dog, thus shifting the burden of proof to the defendant, the trier in each case must decide as a question of fact whether conduct of the plaintiff toward the dog was of such nature that it would naturally incite the dog to retaliation. Schonwald v. Tapp, 142 Conn. 719, 722,118 A.2d 302 (1955). Therefore, since there exists material issues of fact, the motion for summary judgment as to Count One is denied.
In addition, since the plaintiffs' motion for partial summary judgment, that the defendant is the "keeper" of the dog within the meaning of Conn. Gen. Stat. 22-357 raises the same material issues of fact, the plaintiffs' motion for partial summary judgment is also denied.
B. Count Two — Liability for Medical Expenses.
The plaintiffs argue in support of their motion for summary judgment with respect to Count Two that the defendant is liable under Conn. Gen. Stat. 22-357 because he's the "keeper" of the dog and, thus, responsible for any resulting damages. Since there exists material issues of fact as to whether the defendant is the "keeper" of the dog within the meaning of the statute, plaintiffs' motion for summary judgment as to Count Two is denied.
C. Count Four — Negligent Infliction of Emotional Distress.
The plaintiffs also move for summary judgment on Count Four of the complaint in which the grandmother-plaintiff claims the defendant is liable for negligent infliction of emotional distress. In support of the motion for summary judgment as to Count Four the plaintiffs argue that as a proximate result of the defendant's keeping a dog with known vicious propensities, the minor-plaintiff was attacked in the presence of the grandmother-plaintiff, thus causing her emotional distress. The plaintiffs also argue that, at the time of the attack, the grandmother-plaintiff was within the zone of ordinary danger, as she attempted to pull the minor-plaintiff from the dog's clench. The defendant, in his opposing memorandum, argues that for the plaintiff to recover under Count Four she must prove negligence on the part of the defendant and that there is no evidence that the defendant had knowledge of the dog's vicious, mischievous and dangerous tendencies. Additionally, the defendant questions whether the grandmother-plaintiff was actually within the zone CT Page 1668 of ordinary danger as the minor-plaintiff allegedly moved away from the grandmother and toward the dog.
For the plaintiff to prevail on the motion for summary judgment as to the common law action for injuries inflicted by a dog, the plaintiff must show that there is no genuine issue as to any material fact that the defendant had knowledge of the dog's vicious propensities and was negligent in the failure to warn of those propensities. Basney v. Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 92 (1964). Given the facts of this case, there appears to be an issue of material fact as to both of those propositions. Additionally, to recover for emotional distress the plaintiff must show that she was in the range of ordinary physical danger. Orlo v. Connecticut Co., 128 Conn. 231,239, 21 A.2d 402 (1941), and that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress. Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 347, 389 A.2d 1180 (1978). Again, there is a factual dispute as to whether the grandmother-plaintiff was in the zone of ordinary physical danger at the time of the dog attack on minor-plaintiff.
The Connecticut Supreme Court has held in several cases that "summary judgment procedure is especially ill adapted to negligence cases . . . that the conclusion of negligence is necessarily one of fact." Michaud v. Gurney, 168 Conn. 431,434, 362 A.2d 857 (1975), see Altieri, supra at 318. "It (negligence) becomes a conclusion of law only when the mind of a fair and reasonable person could reach only one conclusion. If there's room for a reasonable disagreement the question is one of fact." Husted v. Refuse Removal Service, 26 Conn. Sup. 494,495, 227 A.2d 433 (1967).
Therefore, because there are material issues of fact, the plaintiffs' motion for summary judgment as to Count Four is denied.
SCHALLER, J.