ALICE HUNGERFORD
CLARENCE PERKINS
vs.
BLUE WAY LINES, INC., ET AL.

Superior Court          Fairfield County          File #51541
                                                  #51542

Present:   Hon. KENNETH WYNNE, Judge.

Julius W. Frankel,          Attorney for the Plaintiffs.

Pullman & Comley,           Attorneys for the Defendant.

## MEMORANDUM FILED DECEMBER 2, 1937.

WYNNE, J. In the case of Clarence Perkins the motion was not pressed because counsel agree that the amount of the verdict of $500. was not exorbitant or excessive. In the case of Alice Hungerford the claim is made that the amount of the verdict is not justified on the basis of the allegations in the complaint in the light of the evidence that could be fairly referable to those allegations and counsel argue that the jury may have been influenced by testimony bearing upon the possibility of the plaintiff developing osteomyelitis and that there was no allegation under which such a possibility would have been considered. It is true that Dr. Horowitz on cross examination admitted in answer to categorical questions that there had been no aggravation of the plaintiff's tubercular condition nor of her heart condition and that it was these conditions only that had been set up in the complaint as being the basis for the continuing disability. On the other hand it must be remembered that the discussion in regard to osteomyelitis came into the record mostly on re-direct examination and was limited to the expression of an opinion as to the effects of a trauma such as the plaintiff suffered. The jury was charged that they could only estimate damages within the limits of the complaint and strictly within the limitations of the burden of proof. The Court does not feel that it can be said that the jury included in its verdict an item for the suggested complication. On the contrary while the verdict certainly was abundantly generous it cannot be fairly said that it was excessive, nor that it could not have been reasonably arrived at on the allegations and proof if there had been no reference whatever to osteomyelitis, speculative or otherwise. The only basis for the motion to set aside concerns the. amount of the damages because liability was admitted. Taking the girl's case, her appearance and the circumstances of her injuries into consideration the Court is persuaded to feel that the jury was generous without being unjust. In the negotiations which preceded the trial the Court recalls that counsel for the plaintiff placed an estimate on the Perkins case of $750. and on the Hungerford case of $1750. as settlement and this total does not. do violence to the totals returned by the jury after trial.

This estimate is entitled to considerable weight in evaluating what the jury actually did because as every one knows there is no definite rule for placing a monetary value upon injuries and pain and suffering. The jury seemingly did not depart from the rule which the Court was careful to give that in the final analysis the verdict should be just.

The motions to set aside are denied.