NORMA SCHONWALD *v.* VAN COURT W. TAPP ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 7—decided November 8, 1955

*Charles M. Lyman,* with whom were *Benjamin F. Goldman* and, on the brief, *David W. Goldman,* for the appellant (plaintiff).

*Donald E. Cobey,* with whom, on the brief, was *Harold C. V. Eagan,* for the appellees (defendants).

INGLIS, C. J. The principal question on this appeal is whether the means adopted by the plaintiff in her attempt to break up a fight between two dogs constituted a "teasing, tormenting or abusing" of the dog which bit her so that the owner of that dog is relieved of liability for the plaintiff's injuries under the controlling statute, General Statutes, § 3404 (now Cum. Sup. 1953, § 1400c).[1]

There is no reason to modify the finding made by the trial court. It sets forth the following facts: On June 3, 1951, the plaintiff and the defendants lived in the same neighborhood. The plaintiff lived in the same house, but on a different floor, as her parents, who owned a collie dog named Lucky. The named defendant, hereinafter referred to as the defendant, owned a German shepherd dog named King. The other defendant, Frances L. Tapp, was neither an owner nor a keeper of King. During the late morning of June 3, the defendant took King for a walk on a leash. As the defendant passed the residence of the plaintiff and her parents, Lucky rushed out and knocked him down. In falling, he lost his grip on King's leash, and the two dogs immediately engaged in a fight in the middle of the street. Upon regaining his feet, the defendant recovered King's leash and held it at a point a little over a foot from King's collar. By that time the plaintiff had arrived

[1] "Sec. 3404. DAMAGE TO PERSON OR PROPERTY. If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."

at the scene and was attempting to hold Lucky by putting her arms around the dog's neck. Lucky kept charging King until finally King got a firm grip on Lucky's skull. Then the plaintiff with both her fists hammered on King's head as hard as she could. She was bitten on the left hand by King. The plaintiff's father then came dashing out and succeeded in stopping the fight.

The court concluded (1) that by voluntarily intervening in a dog fight the plaintiff assumed the risk of injury, (2) that her conduct toward King was such that when she was injured she was teasing, tormenting and abusing King, and (3) that King was owned and kept by the named defendant only. On the basis of these conclusions judgment was rendered for the defendants. On this appeal, the plaintiff calls into question the propriety of all of the court's conclusions. In the view which we take of the case, however, it will be necessary to discuss only the question whether the conclusion that the plaintiff was "teasing, tormenting and abusing" King, as those words are used in the statute, was correct.

In *Weingartner* v. *Bielak,* 142 Conn. 516, 115 A.2d 668, we reviewed the history of the statute which imposes upon the owner or keeper of a dog liability for injury to person or property done by his dog. This, coupled with a consideration of the cases which have been decided under the statute, brought us to the conclusion (p. 519) that, in adding to the statute in 1933 (Cum. Sup. 1935, § 1380c) the clause "or was teasing, tormenting or abusing such dog," the legislature intended to except a dog owner from liability for damages done by his dog to a person who himself had engaged in such conduct as would be calculated, dog nature being what it is, to antagonize the animal and therefore cause it to make an attack upon him.

It is also true that the words used in the statute carry the connotation that the teasing, tormenting or abusing must be of such a nature that it is improper conduct. To fall within the exclusionary clause of the statute, the act of teasing, tormenting or abusing must be without justification.

The statute creates a cause of action that did not exist at common law. To recover under it, a plaintiff must bring himself clearly within its provisions. *Goodwin* v. *Giovenelli,* 117 Conn. 103, 107, 167 A. 87. In each case, therefore, the trier must decide as a question of fact whether the conduct of the plaintiff toward the dog was of such a nature that it would naturally incite a dog to retaliation and, if so, whether the conduct was improper in that it was not justified under all the circumstances of the case.

In the present case, we cannot say that the court could not reasonably have reached the conclusion that in beating the dog on the head without adequate justification the plaintiff was abusing the animal in the sense in which the word "abusing" is used in the statute. This conclusion alone justified the judgment for the defendant.

There is no error.

In this opinion the other judges concurred.