THE CONNECTICUT POWER COMPANY *v.*
JOSEPH H. POWERS ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and MELLITZ, Js.

Argued October 11—decided November 8, 1955

*I. Albert Lehrer,* with whom was *Frederick D. Neusner,* for the appellant (named defendant).

*Edmund W. O'Brien,* with whom were *Leonard T. Calvert* and, on the brief, *H. Bissell Carey, Jr.,* for the appellee (plaintiff).

WYNNE, J. This is an appeal from a judgment of the Superior Court appointing a committee to assess the damages resulting from the condemnation of a right of way across land of the named defendant,

hereinafter called the defendant, for the purpose of constructing a line for the transmission of electric current.

The finding, which is not subject to any correction which will advantage the defendant, sets forth the following: The plaintiff is a Connecticut corporation, lawfully engaged in the transmission of power. Pursuant to provisions of special acts of the General Assembly, it is seeking to obtain rights of way over land in the vicinity of the defendant's land in Farmington. In connection with the establishment of its proposed right of way, the plaintiff brought the present proceeding to cross the southeasterly corner of the defendant's land. To the east is land of the Metropolitan District on which there is a site known as Kilkenny Rock. The area is used by the public for picnicking and affords a scenic view. On the Metropolitan District land is a right of way owned and maintained by the Northeastern Gas Transmission Company. This right of way passes near but is not visible from Kilkenny Rock. The plaintiff's layout for its proposed right of way follows the route of the right of way of the Northeastern Gas Transmission Company but deviates in the area of the defendant's land.

The defendant claims that the sole reason for making the jog that necessitates crossing his land is the plaintiff's acquiescence in the desire of the Metropolitan District to preserve the public view from Kilkenny Rock, a view which would be marred by the transmission towers of the plaintiff. The defendant claims that such a motive on the part of the plaintiff is unrelated to the proper basis of convenience and necessity. He asserts that such a reason does not warrant in law the exercise of the power of eminent domain in taking his land. He relies upon

the case of *Farist Steel Co.* v. *Bridgeport,* 60 Conn. 278, 291, 22 A. 561. In that case we held that the establishment of a harbor line which resulted in taking private property for the sole purpose of affording a better view of an expensive and sightly bridge constituted a taking of private property for other than a public use and was accordingly unlawful.

The situation presented in the instant case is quite different. The court has found that the plaintiff was advised that the view from Kilkenny Rock would be obstructed if the transmission line followed the route of the right of way of the Northeastern Gas Transmission Company, and also that the Metropolitan District had refused to grant a right of way over its land because to do so would interfere with a portion of its property used by the public for recreational purposes. The court also found, however, that if the plaintiff were to acquire a right of way and construct its facilities so as to avoid the defendant's property altogether, it would be confronted with greater construction and maintenance difficulties and expense. When the legislature gives a public utility company, as it gave the plaintiff,[1] the power to condemn such property as may be necessary for the carrying out of its corporate purposes, the determination of what is necessary to be taken lies in the discretion of the company. *Water Commissioners* v. *Johnson,* 86 Conn. 151, 158, 84 A. 727. Courts will interfere with the exercise of that discretion only in those cases where the company acts in bad faith

---

[1] "Section 1. The Connecticut Power Company . . . is authorized, whenever it shall be necessary or convenient in the exercise of any of its rights, powers or privileges . . . to enter upon, take and use any land, real estate and privileges . . . ." Spec. Acts 1927, No. 297 (20 Spec. Laws 331).

or unreasonably. *Adams* v. *Greenwich Water Co.*, 138 Conn. 205, 213, 83 A.2d 177, and cases cited. Since there is nothing in the case to support a claim of bad faith on the part of the plaintiff, a finding by the court that the route across the defendant's land offers a more feasible and less expensive layout for the transmission line sustains the exercise of the discretion on the part of the plaintiff as reasonable and is conclusive of the case.

A paragraph in the finding which the defendant sought to attack by an addition to his assignment of errors sets forth that the Metropolitan District had refused to grant the plaintiff a right of way over the portion of its property which skirted Kilkenny Rock. While the paragraph in question was found without evidence, it is unimportant to our decision.

There is no error.

In this opinion the other judges concurred.