MARIE S. DUELL *v.* JOHN COYLE ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 94591
AT NEW HAVEN

Memorandum filed March 22, 1961

*Edward B. Fitzgerald,* of New Haven, for the plaintiff.

*Edward T. Blair,* of New Haven, for the defendants.

FITZGERALD, J. In this action, the plaintiff is seeking to recover damages of the defendants as the owners and keepers of a dog alleged to have bitten her as she was attempting to stop a fight in progress between their dog and her own dog. As drawn, the allegations of the complaint are designed to bring the alleged cause of action against the defendants under the statute which is presently § 22-357 of the General Statutes.

By way of special defense, the defendants plead as follows: "If the plaintiff suffered any injury, loss or damage, the same was caused by her own act in attempting to intervene in a dog fight when she knew or should have known that to do so was likely to result in injury, and in so doing she assumed the risk of injury from said act." To this defense the

plaintiff demurs on the ground that it is not a properly pleaded special defense to the cause of action alleged.

In the Connecticut law, there is a distinction between contributory negligence as a defense and the assumption of risk as a defense. *L'Heureux* v. *Hurley*, 117 Conn. 347, 353. Apart from a plaintiff's own conduct within the statutory limitations, contributory negligence, "in the broad sense of that term, is not a defense to an action brought under" § 22-357. *McCarthy* v. *Daunis*, 117 Conn. 307, 310, and cases cited. In *Schonwald* v. *Tapp*, 142 Conn. 719, our Supreme Court was afforded an opportunity to adopt the view of some jurisdictions that the doctrine of the assumption of risk is a bar to recovery in an action under statutes somewhat similar to the Connecticut statute. It avoided doing so and upheld a defendant's judgment on other grounds. Said the court (p. 722) : "The statute creates a cause of action that did not exist at common law. To recover under it, a plaintiff must bring himself clearly within its provisions. . . . In each case, therefore, the trier must decide as a question of fact whether the conduct of the plaintiff toward the dog was of such a nature that it would naturally incite a dog to retaliation and, if so, whether the conduct was improper in that it was not justified under all the circumstances of the case." The practical effect of the decision in the *Schonwald* case is that a plaintiff who brings an action under the statute must allege the statutory requirements relating to liability. Here, the plaintiff has conformed to all required allegations. Whether she can prove them is of course another matter.

It is the considered opinion of the court that the special defense has no place in this action, which is brought under the statute. This does not mean that the plaintiff's own conduct in respect to the

dog is not of importance. It is of prime importance, as is indicated by the approach to the problem by the Supreme Court in the *Schonwald* case, supra, which differed in part from that of the trial court whose judgment for the defendant was affirmed on appeal. The burden of establishing the requirements for a recovery under the statute is upon the plaintiff. The subject of the pleaded special defense would add nothing to the case from the defendants' standpoint except confusion at the trial as to burden of proof between the plaintiff on the one hand and the defendants on the other.

The differences between an action at common law for damage caused by a dog and the statutory extension of that liability in Connecticut, with increased limitations thereon by amendments over the years, were reviewed by Chief Justice Brown in *Verrilli* v. *Damilowski,* 140 Conn. 358, 360. A note in 66 A.L.R.2d 916, 957, states that assumption of risk was excluded as a defense in the appellate ruling in *Schonwald* v. *Tapp,* supra. As appears from the language already quoted from that opinion, the plaintiff, to effect a recovery under the statute, must satisfy the trier in regard to his own conduct, circumscribed by the limitations imposed by the statute. This can only be determined from the circumstances revealed by the evidence at the trial, with the burden of proof placed on the plaintiff.

In view of the foregoing, the plaintiff's interposed demurrer to the pleaded special defense of the defendants is sustained.