[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On January 7, 1991, the plaintiffs, Melissa Gagnon and Paul Gagnon filed a one count amended complaint against defendants Richard Siemiatkoski and Marianne Siemiatkoski. The plaintiffs allege that Melissa Gagnon received severe injuries as a result of a dog bite from the defendants' dog. The plaintiffs' claim is brought pursuant to General Statutes Section 22-357.
On August 23, 1991, the plaintiffs filed a motion for summary judgment as to liability on the ground that there was no genuine issue of material fact as to liability. In support of their motion for summary judgment the plaintiffs submitted a copy of the defendants' answer and a portion of a deposition of Kelly Marie Siemiatkoski, the defendants' daughter. The defendants have not filed anything in opposition to the plaintiffs' motion. As required by Practice Book Section 379, the pleadings are closed.
DISCUSSION
The purpose of summary judgment is "to eliminate delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). A motion for summary judgment may be granted "only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by Section 380, must set forth specific facts that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavits by the movant." Catz, supra, at 49. However, failure of the nonmoving party to file documentary evidence in opposition to the motion for summary judgment is not deemed consent to the motion. Pepe v. New Britain, 203 Conn. 281,524 A.2d 629 (1987). Because the burden is upon the movant, the evidence must be viewed in the light most favorable to the nonmovant. Catz, supra, at 48. CT Page 8262
Practice Book Section 385 provides the mechanism for summary judgment as to liability when the only genuine issue is damages. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). The plaintiffs, however, did not bring this action in negligence but pursuant to General Statutes Section 22-357. "The statute (Section 22-357) creates a cause of action that did not exist at common law. To recover under it, a plaintiff must bring himself clearly within its provisions." Schonwald v. Tapp, 142 Conn. 719, 722, 118 A.2d 302 (1955). That statute reads in relevant part:
 if any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned . . . to the person who at the time such damage was sustained was committing a trespass or other tort or was teasing, tormenting or abusing the dog. Connecticut General Statutes Section 22-357.
The defendants' answer to the plaintiffs' complaint admits the ownership of the dog in question. The documentary evidence in support of the motion for summary judgment supplies the remaining components. In the excerpt from Kelly Marie Siemiatkoski's deposition, the witness states that the plaintiff Melissa Gagnon was on the defendants' property with permission, and, therefore, there was no trespass. Additionally, the witness states that the plaintiff did nothing to provoke the dog's attack. The defendants have provided no affidavits or other documentary evidence to rebut these allegations.
The court finds that there is no material issue of fact as to whether the plaintiffs come under Section 22-357. Further, there is no genuine issue of material fact as to liability and therefore, the plaintiffs' motion for summary judgment as to liability is granted.
Koletsky, J.