[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the defendant's special defense of assumption of the risk on the grounds that the plaintiffs' action, based on the dog bite statute General Statutes 22-357, is not subject to such a defense.
"[W]e note preliminarily that we must take the facts to be those alleged in the [special defense]. . . and must construe the [special defense] in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36 522 A.2d 1235
(1987).
The defendant's special defense alleges that any injury or damage sustained by the plaintiffs "as a result of the incident described in the complaint" was the result of the assumption of the risk of such injury or damage by Joan Benham, one of the co-plaintiffs. Thus, the defendant, for purposes of his special defense, has incorporated the plaintiffs' description of the incident.
The relevant facts alleged in the complaint are that on November 10, 1989, co-plaintiff Joan Benham was bitten on the hand by a dog owned by the defendant. The defendant has alleged in his special defense that co-plaintiff Joan Benham "knowingly attempted to intervene in a fight between two dogs which she knew or should have known would have provoked one or both of said animals to bite or otherwise injure the plaintiff."
"The motion to strike . . . is [used] to test the legal sufficiency of a pleading. . . . [I]f facts provable under the allegations would support a defense . . . the [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), quoting Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980), other citations omitted.
"The Superior Court has held that the defense of assumption of risk of the person injured has no place in an action under the [dog bite] statute. Duell v. Coyle, 22 Conn. Sup. 332,333", 171 A.2d 427 (1961). Miller v. Lamoureaux, 26 Conn. Sup. 274, CT Page 10077 276, 220 A.2d 776 (1965), Bolduc v. Lecuyer,5 CSCR 385 (May 18, 1990, Murray, J.). "The only defenses allowed under 22-357 are trespass or other tort, or the teasing, tormenting or abusing of the dog." Gress v. Munson Builders, Inc., 1 CSCR 500 (July 7, 1986, Mihalakos, J.); Minnitti v. Telesca, 5 CSCR 813 (September 17, 1990, Langenbach, J.).
We conclude that facts provable under the defendant's allegations cannot support a valid defense to an action under the dog bite statute.
Accordingly, the plaintiffs' motion to strike the defendant's special defense is granted.
HENNESSEY, J.