[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case, plaintiff Stephen J. Wroniak, a Hartford Police officer, has sued defendants Miguel A. Ayala (a.k.a. Manuel A. Ayala), Wanda Ayala, Manuel Dias and Laurinda Dias to recover damages for injuries he claims to have suffered when, while investigating a burglary in the defendants' Hartford home on November 16, 1992, he was bitten by their pit bull dog. Both counts of the plaintiff's Complaint dated November 14, 1994 — one each against the Ayalas and against the Diases — are brought under General Statutes § 22-357, Connecticut's "dogbite statute."
On April 7, 1995, defendants Miguel and Wanda Ayala moved this Court to strike the first count of the plaintiff's Complaint. As grounds for their motion, the Ayalas argue that the plaintiff does not have a valid cause of action against them under Section 22-357 because: first, CT Page 6934 the statute does not apply to police officers who come onto private property in the course of performing their public duties; and second, even if the statute applies to police officers, it does not apply in this case because, at the time the plaintiff suffered his injuries, he was trespassing upon their property.
For the following reasons, the Court rejects both of the defendants' arguments and denies their motion to strike.
 I
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). The motion to strike admits all facts well-pleaded and those facts necessarily implied from the allegations.D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 208
(1987). It does not, however, admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.Blancato v. Feldspar Corp., 203 Conn. 34, 37 (1987). The Court must construe the facts alleged in the manner most favorable to the pleader. Gordon, supra at 170.
 II
General Statutes § 22-357 creates "a cause of action which did not exist at common law." Schonwald v. Tapp,142 Conn. 719, 722 (1955). Imposing strict liability on dog owners for injuries caused by their dogs to the persons or property of others, its purpose has been described as follows:
 that one keeps a dog at one's peril; that the owner's knowledge of the character of the dog, whether vicious or otherwise, is not important; that the owner is liable for injury done by it on all occasions except when the injury is incurred by one while committing a trespass or other tort, or teasing or abusing the dog; and that the trespass or other tort CT Page 6935 referred to in the statute is one committed on the person or property of the keeper, or of his family, or on the dog itself, to which it would instinctively react.
Hanson v. Carroll, 133 Conn. 505, 508 (1947).
Under Section 22-357, as explained above, there are only two situations in which a dog owner can escape liability for injuries caused by his dog. The first is when the person injured is committing a trespass or another tort. The second is when the injured party is guilty of "teasing or abusing the dog." Hanson v. Carroll, supra. In any other situation, the statute clearly provides a remedy to the injured person.
 III
Notwithstanding this clear statutory command, the defendants first argue that the plaintiff cannot recover under Section 22-357 since at the time he allegedly suffered his injuries, he was a police officer engaged in the performance of his duties. Police officers, claim the defendants, are public servants who, because they are knowingly involved in a dangerous profession, must assume the risk of their profession. Part of that risk, claim the defendants, is that when they enter private property, uninvited and unannounced, they will be bitten by dogs lawfully and legitimately thereon. Because, they further argue, even the most careful dog owner cannot anticipate the arrival of police officers upon his land, it would be unfair to saddle him with strict liability for injuries caused by his dog to a surprise police visitor.
Whatever might be said of this argument as a matter of public policy, this Court's sole task in interpreting Section 22-357 is to find and enforce what the legislators intended by passing it, not to add its voice to the public debate. To that end, the Court must examine the words used by the legislature to express their intentions and, if those words give rise to no ambiguities, enforce them as they are written.
Here, the words used by the legislature leave no doubt CT Page 6936 that the statute applies to police officers who come onto private property in the performance of their law enforcement duties. The statute clearly provides that, "ifany dog does any damage to either the body or property ofany person, the owner or keeper. . . shall be liable for such damage, except when such damage has been occasioned to . . . a trespass[er] or [to a person who] was teasing, tormenting or abusing such dog." Conn. General Statutes §22-357. Manifestly, a police officer is a "person," whether or not he is engaged in the performance of his duties. The statute, moreover, makes no exception for police officers or any other person, nor does it make exception for any dog, regardless of the circumstances, apart from trespassing, teasing or tormenting, in which he bites the injured person. In sum, the statute on its face makes no exception which could conceivably apply to police officers.
Secondly, it is clear on the face of the statute that it applies with equal force both on and off an owner's or keeper's premises, both because it makes no exception to liability based on the location of the infliction of injuries or property damage and because of its explicit internal reference to "trespass[ers]." The absence of any exception to liability for injuries inflicted on the owner's own property is significant, for it clearly suggests that dog owners enjoy no immunity from liability for such injuries. The statutory reference to trespassers, moreover, makes explicit what the statute otherwise makes implicit: that the statute is intended to apply to all non-trespassers who, without teasing, tormenting or abusing a dog, are harmed by the dog on the owner's own property.
Against this background, there can be no doubt that the statute applies to police officers who enter private premises in the course of performing their official duties. This is so because it has long been held that a police officer who makes such an entry onto private property, in the course of performing his official duties, is not a trespasser but a licensee. Roberts v. Rosenblatt,146 Conn. 110 (1959). Though applied in this case to a police officer, the rule so providing is known as the "Firefighter's Rule." Under that rule, a public servant who comes uninvited upon the property of a private citizen in the course of performing his official duties is treated CT Page 6937 neither as an invitee, to whom a landowner owes his highest duty of care, nor as a trespasser, to whom he owes no duty, but as a licensee, to whom a lesser duty is owed. Fursteinv. Hill, 218 Conn. 610, 615 (1991). By classifying police officers who come onto private property to perform their official duties as licensees, and thus as non-trespassers, the articulators of the Firefighter's Rule have clearly brought them within the scope of Section 22-357.
 IV
In light of the foregoing analysis, the defendants' second argument in support of their motion to strike is easily disposed of. That argument, to reiterate, is that the plaintiff is not entitled to recover under Section 22-357
because, at the time he suffered his alleged injuries he was trespassing upon their property. The question here presented is thus, whether or not the allegations of the first count of the plaintiff's Complaint, when taken as true and viewed in the light most favorable to the plaintiff, are capable of supporting the claim that when the plaintiff suffered his alleged injuries, he was not trespassing upon the defendants' property.
Under Furstein v. Hill, supra, a police officer who comes onto the private property of another in the course of performing his official police duties is a licensee, not a trespasser. In this case, the plaintiff has alleged facts, which, if true, would establish that at the time he suffered the injuries here complained of, he was present upon the premises of the defendants lawfully investigating a report of a burglary. If those allegations are proved at trial, the plaintiff will thereby establish that at the time he was bitten by the defendants' dog he was a licensee, not a trespasser, upon their property.
For all of the foregoing reasons., the defendants' Motion to Strike is hereby denied.
Michael R. Sheldon Judge CT Page 6938