[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 112
On October 24, 1994, the plaintiff, Kristal M. Cahill, a three year old minor, by her father and next friend, Denis Cahill, filed a complaint seeking damages for injuries she allegedly suffered as a result of being bitten by a dog.
The complaint alleges that on May 4, 1994, the minor plaintiff was on the premises owned by Arthur E. Wilmot and Jodi B. Wilmot ("defendants"), who were allegedly owners and keepers CT Page 6500 of a German shepherd dog. The complaint alleges that the defendants' dog "suddenly attacked and bit" the minor plaintiff, causing the injuries and losses she complains of. The complaint alleges that the defendants are liable for the "attack" pursuant to General Statutes, Sec. 22-357, Connecticut "dog bite" statute.
On December 27, 1994, the defendants filed an answer. On February 27, 1995, the plaintiffs filed a motion for summary judgment with respect to liability only. The plaintiffs have filed a memorandum of law, along with the affidavit of Denis Cahill, the defendants' answer, their requests for admissions and the defendants' responses to those admissions, certain records from Danbury Hospital and a report of Dr. Robert A. Fischl, in support of their motion. The defendants have not responded to the plaintiffs' motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Barrett v. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984), quoting Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" Barrett v. DanburyHospital, supra, 232 Conn. 250. "[F]ailure of the nonmoving party to file documentary evidence in opposition to the motion for summary judgment is not deemed consent to the motion." Gagnon v.Siemiatkoski, 6 CSCR 1010 (October 22, 1991, Koletsky, J.). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. Teal Industries, Inc., 178 Conn. 262,269, 422 A.2d 311 (1979).
General Statutes, Sec. 22-357 provides:
 If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, CT Page 6501 the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action.
"General Statutes 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person." Falby v. Zarembski, 221 Conn. 14, 19,602 A.2d 1 (1992). "To recover under . . . [22-357] a plaintiff must bring himself clearly within its provisions." Schonwald v.Tapp, 142 Conn. 719, 118 A.2d 302 (1955).
In their supporting memorandum, the plaintiffs argue that the defendants' answer and the defendants' responses to their requests for admissions demonstrates that the defendants were "owners or keepers" of the dog that attacked the minor plaintiff. The plaintiffs postulate that based upon the defendants status as "owners or keepers" of the dog, "it is clear that the defendants' dog did attack the plaintiff and that the defendants are strictly liable. . . ."
Paragraph three of the plaintiffs' complaint recites that "[o]n May 4, 1994, at about 4:00 p.m. the minor plaintiff was upon the defendants' premises when the defendants' dog suddenly attacked and bit the minor plaintiff, causing her to sustain and suffer severe injuries and losses." This allegation is corroborated by the affidavit of Denis Cahill, submitted in support of the plaintiffs' motion. Cahill states, in part, that on May 4, 1994, "the defendants' dog did attack and otherwise maul and repeatedly bite the plaintiff, Kristal M. Cahill." (Affidavit of Denis Cahill, dated September 21, 1994, par. 5.)
Attached to the plaintiff's motion is the defendants' answer, which reveals that the defendants denied the allegations set forth in paragraph three of the plaintiffs' complaint. Also attached to the plaintiffs' motion are the defendants' answers to the plaintiffs' requests for admissions. Request number 8 stated "[t]hat on May 4, 1994, the defendant, JODI WILMOT, accompanied the plaintiff, KRISTAL M. CAHILL, to the Danbury Hospital CT Page 6502 Emergency Room and informed the hospital staff that the plaintiff was `attacked by her (the defendant's) German shepherd' and that `the child (plaintiff) was mauled by her (defendant's) German shepherd while outside playing with her (defendant's) two children' as per the attached reports." The defendants' response to request number 8 states: "[i]t is admitted that on May 4, 1994 the defendant Jodi Wilmot accompanied the defendant [sic] Kristal M. Cahill to the Danbury Hospital emergency room and informed the hospital staff that the plaintiff was attacked by her German shepherd." (Requests for Admissions, dated February 16, 1995, par. 8.) Later, in that same response, the defendants deny the allegation that "the child (plaintiff) was mauled" by their dog while the minor plaintiff was "outside playing with her (defendant's) two children."
A review of the record in this case reveals that the plaintiffs' complaint, along with an excerpt from the affidavit of Denis Cahill and a response to a request to admit, all either allege, state, or admit (in part), that the defendants' dog attacked the minor plaintiff. However, the defendants' answer also indicates that the defendants denied that their dog suddenly attacked the minor plaintiff. Therefore, there is a genuine issue of material fact as to liability, and the plaintiffs' motion for summary judgment is denied.
Stodolink, J.