[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT #116
CT Page 4896
On August 29, 1997, Ann and Thomas Alexios ("the plaintiffs"), filed a three-count amended complaint against the defendants Robert Waupotitsch. Walter Waupotitsch Krystyna Waupotitsch ("the defendants"). In this complaint, the plaintiffs allege injuries stemming from a dog attack inflicted on the plaintiff Ann Alexios by a dog owned and cared for by the defendants.
On December 1, 1997, the plaintiffs filed an interlocutory motion for summary judgment as to the liability of the defendants under the Connecticut "dogbite" statute, General Statutes §22-357 as alleged in count one. On December 29, 1997, the defendants filed an objection to the plaintiffs' interlocutory motion for summary judgment. On January 5, 1998, the defendants filed amended answers and special defenses to all of the counts of the complaint.[1] Oral argument was held on February 17, 1998.
The plaintiffs move for an interlocutory summary judgment as to the liability of the defendants on the first count of the amended complaint. The first count alleges that the defendants are strictly liable under the Connecticut "dog bite" statute, General Statutes § 22-357.[2] In support of their motion for summary judgment, the plaintiffs offer an affidavit of Ann Alexios in which the plaintiff swears that she was on her own property when the dog attack allegedly occurred and furthermore that prior to the attack, the plaintiff was neither teasing nor tormenting the dog. The plaintiffs argue that this evidence covers the lone exceptions in the dog bite statute and thus the plaintiffs are entitled to a summary judgment on that count.
The defendants object to the plaintiffs' motion by arguing that a question of material fact still exists and thus the motion for summary judgment is inappropriate. In support of this claim, the defendants offer a sworn affidavit of the defendant Walter Waupotitsch which states that while the defendant did not observe the incident in question, the defendant had on past occasions observed the plaintiff tormenting and teasing the dog. As such, the defendants claim that there is an issue of material fact as to whether on the day in question the plaintiff was tormenting the dog. Therefore, the defendants argue that it is up to the trier of fact to determine whether or not the "tormenting, CT Page 4897 teasing or abusing" exception to § 22-357 applies in the present case. The defendants have pleaded that the plaintiff was teasing, tormenting and abusing the dog prior to the attack as a special defense.
It is established law that, through the addition of the clause "teasing, tormenting or abusing such dog" to the statute, the legislature intended to except a dog owner from liability for damages done by his dog to a person who himself had engaged in such conduct as would be calculated, dog nature being what it is, to antagonize the animal and therefore cause it to make an attack upon him. Schonwald v. Tapp, 142 Conn. 719, 721, 118 A.2d 302
(1955). The question of what conduct constitutes "tormenting, teasing or abusing" the dog raises material issues of fact.Vasquez v. Hooks, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 394001 (February 10, 1992, Schaller, J.). The trier in each case must decide as a question of fact whether conduct of the plaintiff toward the dog was of such a nature that it would naturally incite the dog to retaliation. Id. See also Schonwald v. Tapp, supra,142 Conn. 722; Cahill v. Wilmot, Superior Court, judicial district of Danbury, Docket No. 318630 (June 26, 1995, Stodolink, J.).
One of the plaintiffs has offered an affidavit stating that she did not tease or torment the dog prior to the dog's attack. One of the defendants has offered contradictory evidence to the effect that he had observed the plaintiff agitating the dog in the past. There are no other affidavits in support of either side.
This court concludes that neither of the affidavits conclusively eliminates any material questions of fact. To the contrary when read together they tend to raise an issue of creditability. While the affidavit of the plaintiff is self-serving and somewhat conclusory, see Krider v. Zimmerman,
Superior Court, judicial district of New London at Norwich, Docket No. 107282, (December 5, 1996, Booth, J.), the defendant cannot swear as to the actual incident alleged. Furthermore, at oral argument, the defendants argued that the defendant's affidavit attesting to the plaintiff's prior abuse and teasing of the dog placed into question the credibility of the plaintiffs. Issues of credibility are exclusively within the province of the trier of fact and should not be resolved for purposes of summary judgment. Battistoni v. Weatherking Products Inc.,41 Conn. App. 555, 563, 676 A.2d 890 (1996). CT Page 4898
Given the fact that the court must view the evidence in a light most favorable to the non-moving party, the court finds that a material question of fact does exist as to whether the plaintiff's actions just prior to the attack contributed to the conduct of the dog. Therefore, the plaintiff's interlocutory motion for summary judgment is DENIED.
MELVILLE, J.