[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #105
On March 17, 1997, the plaintiffs, Miguel Gregory, Jr. (Gregory) and Rafael Ortiz (Ortiz), filed a complaint against the defendants, City of Bridgeport (the City) and Officer Mercado (Mercado). The plaintiffs allege the following facts. On February 26, 1995, the plaintiffs were an operator and passenger in a vehicle which was stopped by Mercado who ordered the plaintiff to lie face-down on the ground while he conducted a search of the vehicle and the two plaintiffs. During the search, the canine CT Page 6338 accompanying Mercado bit Gregory, causing injuries.
In count one, the plaintiffs allege that the City is strictly liable for Gregory's injuries and related expenses pursuant to General Statutes § 22-357. In count two, the plaintiffs allege that Gregory's injuries and related expenses were caused by the negligence and carelessness of the City and Mercado. In count three, the plaintiffs allege that the aforesaid acts of the City and Mercado, and a John Doe defendant, violated their right to be free from unreasonable searches and deprived them of their liberty without due process of law.
On January 29, 1999, the defendants filed a motion for summary judgment, accompanied by a supporting memorandum of law. The plaintiffs filed a memorandum of law in opposition to the motion for summary judgment on March 12, 1999.
Summary judgment shall be rendered "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The movant has the burden of demonstrating the absence of any genuine issue of material fact." Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996).
With regard to count one, the defendants move for summary judgment on the ground that there is no statute which abrogates municipal immunity with regard to the utilization of a canine with a police officer. The plaintiffs contend that like other dog owners, the City, is strictly liable under General Statutes §22-357.
General Statutes § 22-3 57 provides: "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." "It is established law that, through the addition of CT Page 6339 the clause `teasing, tormenting or abusing such dog' to the statute, the legislature intended to except a dog owner from liability for damages done by his dog to a person who himself had engaged in such conduct as would be calculated, dog nature being what it is, to antagonize the animal and therefore cause it to make an attack upon him. . . . The question of what conduct constitutes tormenting, teasing or abusing' the dog raises material issues of fact. . . . The trier in each case must decide as a question of fact whether conduct of the plaintiff toward the dog was of such a nature that it would naturally incite the dog to retalition." (Citations omitted.) Alexios v. Waupotitsch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344956 (April 6, 1998, Melville, J.).
The purpose of imposing strict liability on dog owners for injuries caused by their dogs to the persons or property of others is "that one keeps a dog at one's peril; that the owner's knowledge of the character of the dog, whether vicious or otherwise, is not important; that the owner is liable for injury done by it on all occasions except when the injury is incurred by one while committing a trespass or other tort, or teasing or abusing the dog. . . ." Wroniak v. Ayala, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544499 (Jun. 13, 1995, Sheldon, J.) (14 Conn. L. Rptr. 328, 328).[1]
Under § 22-357, "[tlhere are only two situations . . . in which a dog owner can escape liability for injuries caused by his dog. The first is when the person injured is committing a trespass or another tort. The second is when the injured party is guilty of teasing or abusing the dog." (Citations omitted; internal quotation marks omitted.) Pittman v. Berkovitz, Superior Court, judicial district of New Haven at New Haven, Docket No. 364727 (November 2, 1995, Zoarski, J.) (15 Conn. L. Rptr. 366, 367). Thus, the legislature specifically enumerated the only defenses to the strict liability dog bite statute. There is no reference to municipal immunity as a defense. Therefore, the City's municipal immunity defense should be unavailing with regard to a claim under § 22-357.
The plaintiffs argue that the City is liable under § 22-357
because Gregory was not committing a trespass or tort nor teasing the dog. Both the plaintiffs and the defendants have submitted affidavits. In his affidavit, Gregory avers that he neither did anything to provoke the attack of the unrestrained dog nor did the defendants try to stop or protect him from the attack. On the other hand, in his affidavit, Mercado avers that as he was CT Page 6340 standing with the dog, Gregory, without any reason, suddenly got in a fleeing position. Mercado further avers that the dog, seeing the sudden movement and being trained to respond, moved forward and grabbed Gregory. Based on the conflicting averments in the two aforementioned affidavits, there is a genuine issue of material fact as to whether the conduct of Gregory toward the dog was of such a nature that it would naturally incite the dog to retaliate. Therefore, the defendants' motion for summary judgment as to count one alleging Bridgeport's strict liability under General Statutes § 22-357 is denied.
The defendants also move for summary judgment as to count two, alleging negligence against Mercado and the City. The defendants move on the ground that an employee of a municipality is immune from liability for negligence when performing discretionary as opposed to ministerial acts. The plaintiffs contend that issues of material fact exist as to whether the defendants acted negligently.
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts." (Citations omitted.) Heigl v.Board of Education, 218 Conn. 1, 4, 587 A.2d 423 (1991). "[A] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion. . . ." (Citations omitted; internal quotation marks omitted.) Elliott v. Waterbury,245 Conn. 385, 411, 715 A.2d 27 (1998). "[T]he determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide." (Internal quotation marks omitted.) Redfearn v. Ennis,28 Conn. App. 398, 401, 610 A.2d 1338 (1992).
"[I]t is firmly established that the operation of a police department is a governmental function, and that acts or omissions connected therewith ordinarily do not give rise to liability on the part of the municipality. . . . [T]he failure to provide, or the inadequacy of, police protection usually does not give rise to liability on the part of the municipality." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 179-80, 544 A.2d 1185 (1988). The operation of a CT Page 6341 police department being a discretionary governmental function, the defendant officer's utilization and control of his canine dog is a discretionary governmental function.
The defendants may nevertheless be liable in certain circumstances for discretionary acts. "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted). (Internal quotation marks omitted.) Elliott v. Waterbury, supra, 245 Conn. 411
n. 17.[2]
The plaintiffs argue that the imminent harm exception applies "to impose liability on a municipal employee who presumptively enjoys immunity in the performance of discretionary governmental acts, a plaintiff must show the existence of circumstances that make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ." (Internal quotation marks omitted.) Fraser v. UnitedStates, 236 Conn. 625, 634, 674 A.2d 811, cert. denied, ___ U.S. ___, 117 S.Ct. 188, 136 L. E.2d 126 (1996). Whether it is apparent to a defendant that his act or failure to act subjects a plaintiff to imminent harm is a question of fact. See Evon v.Andrews, 211 Conn. 501, 507, 559 A.2d 1131 (1989) (where there is conflicting evidence on the issue of imminence of harm, trial court erred in entering summary judgment rather than submitting case to jury).
As discussed above, there are conflicting affidavits with regard to the circumstances surrounding the plaintiffs alleged injury. In light of the conflicting averments in the two aforementioned affidavits, there is a genuine issue of material fact as to whether the identifiable person/imminent harm exception applies. Therefore, the defendants' motion for summary judgment is denied as to count two alleging negligence on the parts of the City and Mercado. CT Page 6342
The defendants move for summary judgment as to count three on the ground that in accordance with the doctrine of qualified immunity, Mercado cannot be held liable for an objectively reasonable stop and detention of the defendants. The plaintiffs have offered no response to this argument.
"As a general rule, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights. . . . Because [t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." (Citations omitted; internal quotation marks omitted.) Weyel v. Catania,52 Conn. App. 292, 296-97 ___ A.2d ___ (1999). Moreover, "police may detain an individual for investigative purposes if there is a reasonable and articulable suspicion that the individual is engaged in or about to engage in criminal activity." State v.Groomes, 232 Conn. 455, 467, 656 A.2d 646 (1995). "To determine whether the police had a reasonable and articulable suspicion . . . we look to the totality of the circumstances surrounding the police action." State v. Torres, 230 Conn. 372,383, 645 A.2d 529 (1994).
"[R]easonableness is a question of fact for the trier to determine based on all of the circumstances." Williams Ford, Inc.v. Hartford Courant Co., 232 Conn. 559, 580, 657 A.2d 212 (1995). Therefore, the motion for summary judgement as to count three against Officer Mercado is denied.
The defendants further move for summary judgment as to count three on the ground that the naming of a `John Doe' defendant is improper. Again, the plaintiffs have offered no response to this argument.
Although Connecticut's appellate courts have not reached the issue of whether an action may be maintained against a defendant whose identity is unknown, the majority of superior courts have refused to recognize such a cause of action. "Connecticut's trial courts are split on the propriety of using fictitious names in CT Page 6343 civil actions when the identity of the defendant is unknown at the commencement of the suit." Catalan v. Machnik ConstructionCo., Inc., Superior Court, judicial district of New London, Docket No. 535192 (March 8, 1996, Austin, J.) (16 Conn. L. Rptr. 285, 287). However, "the majority of Connecticut Superior Courts have maintained that the naming of a `John Doe' defendant in a complaint and a summons is improper because Connecticut does not have a fictitious name statute, nor is it authorized by the Practice Book." (Internal quotation marks omitted.) Johannessenv. Renna, Superior Court, judicial district of Waterbury, Docket No. 144633 (October 13, 1998, Pellegrino, J.); see also Catalanv. Machnik Construction Co., Inc., supra, 16 Conn. L. Rptr. 287;Hackett v. State, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 352161 (November 28, 1990, Sten gel, J.)
Based on the foregoing, the defendants' motion for summary judgment as to count three is granted only as to the `John Doe' defendant.
SKOLNICK, J.